*599 OPINION.
MuRdock :
The decision does not depend upon whether the transfers were made within two years of the decedent’s death or whether they were made prior to that period. The petitioner starts in either case with a presumption against him. But that presumption can be overcome by proof. Heiner v. Donnan, 285 U. S. 312. It has been overcome by proof which shows that decedent’s purposes in making the transfers were associated with life rather than with death and were to attain objects “ desirable to him during his life, as distinguished from the distribution of his estate at death.” Cf. United States v. Wells, 283 U. S. 102. The case must be decided upon the evidence and not by a too close comparison with some other case. The ultimate finding of fact above is decisive of all isues, so that the values need not be determined. In the following paragraphs some of the evidence is briefly reviewed.
The decedent seems to have been an unusually vigorous and healthy man up to the time of the accident which caused his death. He had never been sick or confined to his bed for even a day within the memory of witnesses who had known him intimately for many years. He took regular exercises and could kick higher than his head, bend forward to touch the floor without bending his knees, and put his foot back of his head. He was always active, lively, cheerful, and optimistic. He enjoyed life and had plans for the future. His father had lived to be 95 and other members of his family had also lived to be very old. He expected to reach 100 years and thus live longer than any of them. His mental faculties were in no way impaired. He personally attended to his business affairs each day. On the day preceding the accident he had gone to his office as usual and had attended two bank directors’ meetings. He had just completed the sale of a carload of lumber.
He lived very simply in his own home. He had a capable housekeeper, a good automobile, and a chauffeur. He was very fond of his children and saw each of them almost every day. He preferred to give his accumulated property to them rather than to keep it himself. Prior to 1926 he had distributed among them, from time to *600 time, gifts having a total value in excess of a million dollars. He derived great pleasure from making substantial gifts to them. He never gave any indication that any of his gifts were impelled by any thought of death. He had been considering making a gift of his Dudlo stock for several years. Many of the large gifts to his children were made at Christmas. After his grandson was married in September 1927, the decedent wrote to him stating that the $150,000 par value of General Cable Corporation preferred stock which he would shortly receive would be a wedding present from his grandfather. He wanted his son to have a large interest in Dudlo. He wanted his children to enjoy and manage the property, for which he had no use in his simple mode of enjoying life.
The decedent was disposing of all but a relatively small part of his property when well advanced in years. He had defective eyesight. His prostate gland was enlarged. Shortly before the accident a doctor became convinced that the decedent had pernicious anemia but did not so inform the decedent. There is uncertainty in the record in regard to 270 shares of preferred, $38,700 of bonds, and two items purchased with cash. The profit from the exchange of the Dudlo stock was reported by the decedent and the tax paid from the proceeds of the exchange, although the petitioner contends that the decedent gave away the Dudlo stock before the exchange. The decedent also used or retained other property received in the exchange. These and all other facts in the record which may be unfavorable to the petitioner have been carefully considered. Yet it is clear that the decedent made transfers either of the Dudlo stock or of the proceeds of the exchange, so that the property which the Commissioner has added to the gross estate did not belong to the decedent and had not been transferred in contemplation of death.

Decision will be entered under Rule <10.